O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

DEXTER McMICHAEL,

Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security Administration,

Defendant.

Case No. CV 10-8133-SP

**MEMORANDUM OPINION AND ORDER**

**I.**

**INTRODUCTION**

On November 3, 2010, plaintiff Dexter McMichael filed a complaint against defendant Michael J. Astrue, seeking a review of a denial of Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Both plaintiff and defendant have consented to proceed for all purposes before the assigned Magistrate Judge pursuant to 28 U.S.C. § 636(c). The parties' briefing is complete, and the court deems the matter suitable for adjudication without oral argument.

Two disputed issues are presented for decision here: (1) whether the Administrative Law Judge ("ALJ") properly considered plaintiff's treating

physician's opinion and properly developed the record; and (2) whether the ALJ properly considered plaintiff's subjective symptom testimony. Pl.'s Mem. at 2-8, 8-11; Def.'s Mem. at 2-7, 7-10; Reply at 1-2.

Having carefully studied, inter alia, the parties' written submissions and the administrative record, the court concludes that, as detailed herein, there is substantial evidence in the record, taken as a whole, to support the decision of the ALJ. First, the ALJ properly disregarded the treating physician's opinion that plaintiff would be disabled for a year following surgery for colon cancer, as such non-medical opinion is not entitled to special significance, and in any event was not supported by objective evidence in the record. And second, the ALJ properly found that plaintiff failed to meet his burden to demonstrate that his impairment lasted for at least twelve months. Therefore, the court affirms the Commissioner's decision denying benefits.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, who was 50 years old on the date of his April 28, 2010 administrative hearing, has four or more years of college education. *See* Administrative Record ("AR") at 8, 101, 139. His past relevant work includes employment as an adult education instructor, sales exhibitor, and fine arts packer. *Id.* at 23-24, 128-32.

On October 3, 2008, plaintiff filed applications for DIB and SSI, alleging that he has been disabled since August 15, 2008 due to colon cancer. *See* AR at 32, 43, 101-03, 104-07. Plaintiff's applications were denied initially, after which he filed a request for a hearing. *Id.* at 27, 28, 29-31, 50.

On April 28, 2010, plaintiff, represented by counsel, appeared and testified at a hearing before the ALJ. AR at 9-24, 26. The ALJ also heard testimony from Randi Hetrick, a vocational expert ("VE"). *Id.* at 23-25, 75-76. On June 18, 2010, the ALJ denied plaintiff's request for benefits. *Id.* at 32-39.

Applying the well-known five-step sequential evaluation process, the ALJ found, at step one, that plaintiff has not engaged in substantial gainful activity since his alleged onset date of disability. AR at 34.

At step two, the ALJ found that plaintiff suffers from "medically determinable impairments of sp right hemi-colectomy for small bowel adenosquamous carcinoma with chemotherapy and blood clots, and unrelated hernia." AR at 34 (emphasis omitted). Further, the ALJ found that "because the record includes only medical evidence from August 15, 2008 to June 16, 2009, a 10 month period," plaintiff "does not have an impairment or combination of impairments that has significantly limited . . . [his] ability to perform basic work-related activities for 12 consecutive months; therefore, [plaintiff] does not have a 'severe' impairment or combination of impairments." *Id.* at 35 (emphasis omitted). Accordingly, the ALJ found plaintiff "'not disabled' . . . at the 2nd sequential evaluation step." *Id.* at 37.

Alternatively, if plaintiff's "sp colon cancer condition was considered 'severe,'" then at step three, the ALJ determined that the evidence does not demonstrate that plaintiff's impairments, either individually or in combination, meet or medically equal the severity of any listing set forth in the Social Security regulations.[1/] AR at 37 (emphasis omitted).

The ALJ then assessed plaintiff's residual functional capacity[2/] ("RFC") and determined that he can perform light work with the following limitations: "[plaintiff] should not perform jarring motions with his lower extremities"; "he should not work

---

[1/] *See* 20 C.F.R. pt. 404, subpt. P, app. 1.

[2/] Residual functional capacity is what a claimant can still do despite existing exertional and nonexertional limitations. *Cooper v. Sullivan*, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989). "Between steps three and four of the five-step evaluation, the ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's residual functional capacity." *Massachi v. Astrue*, 486 F.3d 1149, 1151 n.2 (9th Cir. 2007).

at unprotected heights or close to dangerous, moving machinery"; "he should not more than occasionally climb ladders, or greater than frequently climb stairs, or balance, or stoop." AR at 37 (emphasis omitted). The ALJ also determined that "[a]lthough limited in feeling with his hands, [plaintiff] is fully able to perform ordinary hand manipulation tasks." *Id.* (emphasis omitted).

The ALJ found, at step four, that plaintiff was capable of performing past relevant work. AR at 38. Thus, the ALJ concluded that plaintiff was not suffering from a disability as defined by the Social Security Act. *Id.* at 33, 38-39.

Plaintiff filed a timely request for review of the ALJ's decision, which was denied by the Appeals Council. AR at 1-3, 4. The ALJ's decision stands as the final decision of the Commissioner.

**III.**

**STANDARD OF REVIEW**

This court is empowered to review decisions by the Commissioner to deny benefits. 42 U.S.C. § 405(g). The findings and decision of the Social Security Administration must be upheld if they are free of legal error and supported by substantial evidence. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001). But if the court determines that the ALJ's findings are based on legal error or are not supported by substantial evidence in the record, the court may reject the findings and set aside the decision to deny benefits. *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1147 (9th Cir. 2001).

"Substantial evidence is more than a mere scintilla, but less than a preponderance." *Aukland*, 257 F.3d at 1035. Substantial evidence is such "relevant evidence which a reasonable person might accept as adequate to support a conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Mayes*, 276 F.3d at 459. To determine whether substantial evidence supports the ALJ's finding, the reviewing court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the ALJ's

conclusion." *Mayes*, 276 F.3d at 459. The ALJ's decision "'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Aukland*, 257 F.3d at 1035 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). If the evidence can reasonably support either affirming or reversing the ALJ's decision, the reviewing court "'may not substitute its judgment for that of the ALJ.'" *Id.* (quoting *Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)).

## IV.

## DISCUSSION

As recounted above, the ALJ found plaintiff not disabled at step two, when he found plaintiff's impairments had not significantly limited his ability to work for twelve months or more. The ALJ also alternatively found, at step four, that even if plaintiff's impairments had sufficient duration to be considered severe, plaintiff was nonetheless capable of performing past relevant work. It is not necessary for this court to evaluate plaintiff's claims of error in terms of the ALJ's step four findings, as the court finds that substantial evidence in the record supports the ALJ's decision at step two.

To qualify for benefits under the Social Security Act, a claimant must prove, among other things, that he or she suffers from a medically determinable physical or mental impairment that "can be expected to result in death or . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. 1382c(a)(3)(A) (same); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (to establish eligibility for disability benefits under the Social Security Act, the claimant must prove, inter alia, that he or she "suffers from a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months" (citation omitted)). Here, the ALJ found that the objective medical evidence fails to demonstrate that plaintiff's alleged disabling impairments lasted for at least twelve months. AR at 35 ("the record includes only

medical evidence from August 15, 2008 to June 16, 2009, a 10 month period" (emphasis omitted)), 37 ("The fundamental problem in this case is without evidence of more than 10 [months] . . . of actual symptomology, medical treatment, or even medical examinations, [plaintiff] has failed in his burden to prove that his significant, medically determinable impairment(s) was durational.").

Plaintiff here offered two items of evidence to support his claim of impairment for at least twelve months. First, plaintiff offered the opinion of Elwyn Cabebe, M.D. that plaintiff "is expected to be disabled for at least a year." AR at 181. And second, plaintiff testified that he has continued to suffer from numb hands and feet following the conclusion of his chemotherapy in May 2009, and that doctors told him these chemotherapy side-effects could continue for a year. *Id.* at 12-14, 17-20. Plaintiff challenges the ALJ's rejection of both of these pieces of evidence.

A. The ALJ Properly Rejected the Opinion of Elwyn Cabebe, M.D.

In evaluating medical opinions, Ninth Circuit case law and Social Security regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining physicians). *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996); *see also* 20 C.F.R. §§ 404.1527(d) (prescribing the respective weight to be given the opinion of treating sources and examining sources), 416.927(d) (same). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant." *Lester*, 81 F.3d at 830; *accord Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1036 (9th Cir. 2003). This is so because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987). "The opinion of an examining physician is, in turn, entitled to greater weight than the opinion of a nonexamining physician." *Lester*, 81 F.3d at 830.

Where the treating physician's "opinion is not contradicted by another doctor, it may be rejected only for 'clear and convincing' reasons." *Benton*, 331 F.3d at 1036; *see also Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995) ("While the ALJ may disregard the opinion of a treating physician, whether or not controverted, the ALJ may reject an *uncontroverted* opinion of a treating physician only for clear and convincing reasons."). "Even if the treating doctor's opinion is contradicted by another doctor, the [ALJ] may not reject this opinion without providing specific and legitimate reasons supported by substantial evidence in the record." *Lester*, 81 F.3d at 830 (internal quotation marks and citation omitted); *accord Reddick*, 157 F.3d at 725. The ALJ can meet the requisite specific and legitimate standard "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (internal quotation marks and citation omitted).

Here, plaintiff contends that the ALJ "failed to provide specific and legitimate reasons, supported by substantial evidence for rejecting plaintiff's treating source's opinion." Pl.'s Mem. at 3. Plaintiff also asserts that the ALJ "failed to assure that plaintiff's interests were considered by not fully and fairly developing the record which prevented the ALJ from rendering a fair and accurate assessment of . . . plaintiff's disability." *Id.* at 7. The court disagrees with plaintiff, for three reasons.

First, although Dr. Cabebe opined that plaintiff "is expected to be disabled for at least a year" (AR at 181) following an open right hemicolectomy on August 17, 2008 (*id.* at 199), a treating physician's non-medical opinion about whether the claimant is disabled "is not entitled to special significance." *Boardman v. Astrue*, 286 Fed. App'x 397, 399 (9th Cir. 2008) ("ALJ is correct that a determination of a claimant's ultimate disability is reserved to the Commissioner, and that a physician's opinion on the matter is not entitled to special significance"); *see* 20 C.F.R. §§ 404.1527(e)(1), 416.927(e)(1). In other words, Dr. Cabebe's non-medical opinion that plaintiff is unable to work is not binding on the Commissioner. *See*

*Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (9th Cir. 2005) ("Although a treating physician's opinion is generally afforded the greatest weight in disability cases, it is not binding on an ALJ with respect to the existence of an impairment or the ultimate determination of disability." (internal quotation marks and citation omitted)); 20 C.F.R. §§ 404.1527(e)(1) ("We are responsible for making the determination or decision about whether you meet the statutory definition of disability . . . . A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled."), 404.927(e)(1) (same).

Indeed, under the regulations, opinions on ultimate disability arguably do not constitute a valid medical opinion. *See* 20 C.F.R. §§ 404.1527(e) ("Opinions on some issues, such as [that you are 'unable to work'], are not medical opinions, . . . but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of disability."), 416.927(e) (same). Aside from opining that plaintiff is expected to be disabled for a year, Dr. Cabebe provided no "medical opinion" as to plaintiff's limitations. Therefore, the ALJ was not required to explicitly detail her reasons for rejecting Dr. Cabebe's opinion on plaintiff's ultimate disability. *See Nyman v. Heckler*, 779 F.2d 528, 531 (9th Cir. 1986) (Because "opinions by medical experts regarding the ultimate question of disability are not binding[,] . . . [the Commissioner] was not obliged to explicitly detail his reasons for rejecting the [treating physician's] opinion.").

Second, the ALJ properly rejected Dr. Cabebe's opinion because it was conclusory and not supported by the objective evidence. *See Burkhart v. Bowen*, 856 F.2d 1335, 1339-40 (9th Cir. 1988) (ALJ properly rejected treating physician's opinion that was unsupported by medical findings, personal observations, or test reports); *Batson v. Comm'r*, 359 F.3d 1190, 1195 (9th Cir. 2004) (ALJ may discredit treating physician's opinions that are conclusory, brief, and unsupported by the record as a whole, or by objective medical findings). Substantial evidence in the

record supports the ALJ's conclusion that plaintiff recovered well from the August 17, 2008 hemicolectomy and was not disabled for at least one year or more. *See* AR at 34-37. For instance, two days after the procedure, plaintiff reported "feel[ing] better overall" (*id.* at 262), and less than two weeks later, progress notes indicated plaintiff "fe[lt] much better[,] tolerate[d his] diet[, and was] ambulating" (*id.* at 254). Further, although plaintiff underwent a wound closure procedure to address an infection on September 11, 2008 (*id.* at 193), plaintiff was reported to be ambulatory just one day after the procedure (*id.* at 217), and was "feel[ing] fine . . . [and] eat[ing] well" within a week (*id.* at 212). During a follow-up visit on October 7, 2008 with Pankaj Bahl, M.D., plaintiff reported he was "doing well" and able to do all of his daily living activities. *Id.* at 36, 306. Plaintiff also reported "0" level pain on a 1-to-10 pain scale. *Id.* A CT-scan conducted on April 13, 2009 showed no evidence of remaining metastatic disease. *Id.* at 35, 372. Although plaintiff still had symptoms of "fatigue, decreased appetite and loss of taste" due to the chemotherapy, plaintiff reported he was "tolerating chemotherapy relatively well." *Id.* Plaintiff was also diagnosed with pulmonary embolus and microcytic anemia, but both conditions were well-controlled after the dosage of Lovenox was increased. *Id.* at 12 (plaintiff testified that after increasing the dosage of Levonox, he no longer had complaints about blood clot), 35, 343. With respect to plaintiff's unrelated hernia problem, plaintiff was advised only to lose weight to remedy the hernia. *Id.* at 372.

Third, contrary to plaintiff's contention, the ALJ did not fail to meet her duty to develop the record. *See Celaya v. Halter*, 332 F.3d 1177, 1183 (9th Cir. 2003) (ALJ has an affirmative "duty to fully and fairly develop the record and to assure that the claimant's interests are considered . . . even when the claimant is represented by counsel"). An ALJ has a duty to "conduct an appropriate inquiry" if the evidence is ambiguous or inadequate to permit a proper evaluation of claimant's impairments. *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996). That was not the case here. The ALJ properly found that the evidence regarding plaintiff's limitations or lack

thereof was sufficiently adequate for her to make a determination as to plaintiff's disability. AR at 35-37. Dr. Cabebe's opinion, as the ALJ noted (*see id.* at 38), was conclusory and not supported by the objective evidence.

Accordingly, the ALJ did not err in rejecting Dr. Cabebe's opinion, nor did the ALJ fail to meet her duty to develop the record.

B. The ALJ Properly Found that Plaintiff's Subjective Testimony Was Insufficient to Establish that Plaintiff's Impairments Lasted Longer Than Demonstrated by the Objective Medical Evidence

The second issue plaintiff raises lies with the ALJ's credibility finding at step two. Plaintiff argues that the ALJ failed to properly consider his subjective complaints and properly assess his credibility. *See* Pl.'s Mem. at 11. Specifically, plaintiff maintains that the ALJ "did not provide clear and convincing reasons for rejecting [his] testimony." *Id.*

The threshold inquiry at step two is whether or not a claimant is suffering from a severe impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). "At step two of the five-step sequential inquiry, the Commissioner determines whether the claimant has a medically severe impairment or combination of impairments." *Smolen*, 80 F.3d at 1289-90 (citation omitted). But the mere existence of an impairment is insufficient proof of disability. *See Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993). The claimant must also show that his impairment was so functionally limiting as to prevent him from engaging in any substantial gainful activity for at least twelve consecutive months. *See* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1509, 416.909.

Here, the ALJ found that although plaintiff suffers from medically determinable impairments (*see* AR at 34), plaintiff "failed [to meet] his burden to prove that his significant, medically determinable impairment(s) was durational." *Id.* at 37. The burden lies with the claimant to prove his impairment lasted at least twelve months by providing medical evidence consisting of signs, symptoms, and

laboratory findings; the claimant's own statement of symptoms alone will not suffice. *See* 20 C.F.R. §§ 404.1508, 404.1509, 416.908, 416.909. For this reason, plaintiff's challenge to the ALJ's credibility finding is beside the point. Even if the ALJ had found plaintiff wholly credible, plaintiff still would have failed to meet his burden because he failed to submit objective medical evidence that his impairments lasted for twelve months or more. *See* AR at 37.

Aside from the opinion of Dr. Cabebe – which the ALJ properly rejected (*see supra* Part IV.A) – plaintiff provided no objective medical evidence demonstrating that his impairment lasted at least twelve months. *See* 20 C.F.R. §§ 404.1509, 416.909. Because plaintiff's testimony alone is insufficient and the medical evidence fails to demonstrate that he meets the duration requirement, plaintiff failed to carry his burden of establishing disability. *See id.*; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see also Valentine v. Comm'r*, 574 F.3d 685, 689 (9th Cir. 2009) ("[t]o establish eligibility for Social Security disability benefits, a claimant has the burden to prove he is disabled" (citation omitted)).

**V.**

**CONCLUSION**

IT IS THEREFORE ORDERED that Judgment shall be entered AFFIRMING the decision of the Commissioner denying benefits, and dismissing this action with prejudice.

Dated: November 7, 2011

HON. SHERI PYM
UNITED STATES MAGISTRATE JUDGE